## THE DAUNTLESS.·

*(District Court, E. D. New York.   December 31, 1883.)*

PERMISSION TO EXTRACT GUANO—RIGHTS THEREBY ACQUIRED.
>    One J. obtained permission from the government of Brazil to extract a cargo of guano or mineral phosphate from R. island, and sent out a vessel to get it, but the voyage was broken up. W., learning of this, went to the island with his vessel and obtained the cargo by virtue of a subsequent permission obtained by W. himself. J. filed a libel against W.'s vessel and cargo, claiming as ·owner to recover the cargo obtained by W. *Held,* that J.'s right of property ·could only attach to what phosphate he might acquire possession of by extract-ing it and loading it upon his vessel under the permit issued to him, and that, in the absence of proof of false representations on W.'s part in obtaining his permission that he was acting as J.'s agent, the libel must be dismissed.

In Admiralty.
*Dan. Marvin,* for libelant.
*Goodrich, Deady & Platt,* for claimant.

BENEDICT, J.   It is conceded on the part of the libelant that there can be no recovery in this action unless the libelant's ownership of the cargo proceeded against has been proved. This has not been done.   It has been shown that the libelant, one Jewett, had obtained from the government of Brazil permission to extract, for his own use, from Rat island, a cargo of guano or mineral phosphate.   He sent ·out the brig Katie to obtain such cargo, but she was condemned in Rio Grande do Sul, and her voyage broken up.   At the time of the ·condemnation of the Katie, Williams, the claimant in this action, learned of the destination of the Katie and the object of her voyage, and, acting upon such information, proceeded to Rat island with his vessel, the Dauntless, and there obtained the cargo now proceeded

---

¹ Reported by R. D. & Wyllys Benedict, of the New York bar.

against. But this cargo was not obtained by virtue of the permit that had been issued to the libelant, but by virtue of a subsequent permission which Williams obtained for himself. By the permission issued to the libelant, the libelant acquired no interest in any of the phosphate on Rat island. His right of property could only attach to what he might acquire possession of by extracting it and loading it upon his vessel under the permit issued to him. I am, therefore, unable to see any ground upon which to hold the libelant to be owner of this cargo, which was not extracted by him and was never in his possession. If this cargo had been obtained by Williams through a false representation that in applying for the permission that was given to him he was acting in behalf of the libelant, and he had been allowed to take this cargo as the agent of the libelant, and not for himself, his acts could have been adopted by the libelant, and in such case it might not be open to Williams to deny the libelant's ownership of cargo so obtained. But no such case has been proved. The most that can be said is that the circumstances proved are calculated to cast suspicion upon the account given by Williams in regard to his acts in obtaining this cargo. It is not enough, however, in a case like this, to raise suspicion. The libelant's ownership must be proved. That not having been done, the action must fail.

Let a decree be entered dismissing the libel, with costs.

See opinion on argument of exceptions to libel in same case. *The Dauntless*, 7 Fed. Rep. 366.